UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                          **MEMORANDUM OF LAW & ORDER**
                            Criminal File No. 7-428 (MJD/RLE)

(1) JESSE LEE JENSRUD,

       Defendant.

Andrew R. Winter, Assistant United States Attorney, Counsel for Plaintiff.

Jesse Lee Jensrud, pro se.

## I.  INTRODUCTION

This matter is before the Court on Defendant Jesse Lee Jensrud's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 36]

## II.  BACKGROUND

On January 17, 2008, Defendant Jesse Lee Jensrud pled guilty to Count 2 of the Indictment: Possession with Intent to Distribute in Excess of 50 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  Count 1, alleging Possession of a Firearm by an Armed Career Criminal, in violation of 18

1

U.S.C. §§ 922(g)(1) and 924(e)(1) (the "Armed Career Criminal Act" or "ACCA"), was dismissed at sentencing.

On April 29, 2008, the Court sentenced Defendant to 188 in prison, which was within the Guideline range of 188 to 235 months. [Docket Nos. 27-28] A 5-year statutory mandatory minimum applied under 21 U.S.C. § 841(b)(1)(B), because Defendant possessed with intent to distribute in excess of 50 grams of a mixture or substance containing a detectable amount of methamphetamine. The ACCA did not apply. The Court calculated Defendant's total offense level by applying the career offender guideline, U.S.S.G. § 4B1.1, based on Defendant's previous convictions for a "crime of violence," as defined under U.S.S.G. § 4B1.2. (PSI ¶ 22.) The Court determined that at least two of the following prior convictions qualified as a "crime of violence:" third degree burglary, first degree burglary, and reckless discharge of a firearm. (Id.)

On May 9, 2016, Defendant filed the current Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 36] Defendant asserts that the Court incorrectly sentenced him as a career offender under the Sentencing Guidelines. He argues that his predicate offenses only qualified as a crime of violence under the Sentencing Guidelines

2

based on the residual clause in U.S.S.G. § 4B1.2. He claims that the application of that residual clause was unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015). This matter was stayed pending the U.S. Supreme Court's decision in Beckles v. United States.

### III.   DISCUSSION

####   A.   Application to Proceed in District Court without Prepaying Fees or Costs

The Court denies Defendant's Application to Proceed in District Court without Prepaying Fees or Costs as moot because there is no filing fee for filing a § 2255 motion.

####   B.   Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without

> establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant can demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

### C.   Johnson v. United States

The ACCA provides that a 15-year mandatory minimum sentence applies to a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" and/or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA further defines "violent felony" as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). The clause "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." Johnson held that the residual clause of the ACCA is void for vagueness. 135 S. Ct. at 2557, 2563. The Supreme Court has further held that

4

Johnson is retroactive to cases on collateral review.  Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

On March 6, 2017, the Supreme Court held that the United States Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause.  Beckles v. United States, 137 S. Ct. 886, 890 (2017).  Therefore, U.S.S.G. § 4B1.2's residual clause is not unconstitutionally vague.  Id. at 895.

### D. Analysis of Defendant's Johnson Claim

The ACCA did not apply to Defendant's sentence.  Johnson does not apply to the Guidelines.  Therefore, Defendant has not asserted a change in the law sufficient to warrant relief under § 2255.

### E. Motion to Withdraw the Record from the District Court and State Court

Defendant has filed a motion entitled Motion to Withdraw the Record from the District Court and State Court.  In the memorandum in support of this motion, Defendant requests appointment of counsel to assist him in obtaining transcripts and records from this Court and from the state court cases which constituted his prior convictions for crimes of violence under the Sentencing Guidelines.

Defendant has clearly presented his arguments to the Court. The Court concludes that neither the facts nor the legal issues in this case are so complex that counsel should be appointed. The Court can resolve Defendant's claim based on the pre-existing record. Appointment of counsel would benefit neither Defendant nor the Court. See Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995). Defendant's motion for appointment of counsel is denied.

### F.   Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant Jesse Lee Jensrud's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No.36] is **DENIED**.

2. Defendant's Pro Se Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 37] is **DENIED AS MOOT**.

3. Defendant's Pro Se Motion to Withdraw the Record from the District Court and State Court [Docket No. 39] is **DENIED**.

4. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 18, 2017         s/ Michael J. Davis
                             Michael J. Davis
                             United States District Court